**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  13-cv-03379-MSK-MJW

ANDREW DELGADO,

Plaintiff,

v.

CASTELLINO CORPORATION, a Colorado corporation, d/b/a Via Toscana, and ROBIN CASTELLINO,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

---

Come now, Defendants Robin Castellino and Castellino Corporation, d/b/a Via Toscana Restaurant (collectively, "Defendants" or "Via Toscana"), and pursuant to Fed. R. Civ. P. 12(b)(1), Defendants hereby move to dismiss with prejudice the Complaint.  As grounds therefore, Defendants state that this Court lacks subject matter jurisdiction because Plaintiff's individual claims are moot.  Additionally, the Court should decline to assert supplemental jurisdiction over Plaintiff's state law claims upon dismissing Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA").

**INTRODUCTION**

Plaintiff, Andrew Delgado ("Plaintiff" or "Delgado") filed a three count Complaint against Defendants.  (Docket #1).  In the Complaint, Delgado brings an action under the Fair

Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") to recover allegedly unpaid minimum wages (Count II), a state law claim for the same wages under the Colorado Wage Claim Act, and a claim for common law breach of an at-will employment contract (seeking unpaid wages).

Plaintiff Delgado is a former employee of Defendant Castellino Corporation's Via Toscana restaurant in Louisville, Colorado.  Prior to filing suit, Delgado worked at Via Toscana Restaurant for approximately six months.  He seeks damages in the form of unpaid wages. Defendants unequivocally deny that Delgado is owed wages of any kind.  Nevertheless, prior to the filing of this Motion, Defendants tendered an Offer of Judgment pursuant to Fed. R. Civ. P. 68 to Delgado, offering to permit him to take judgment against Defendants in the amount of all of the wages Plaintiff claims he is owed, plus statutory damages and reasonable attorneys' fees and costs.  This offer covers payment in full for all purported damages recoverable under the FLSA as well as an amount in excess of the maximum damages recoverable in Delgado's state law claims.  Because Defendants have tendered to Delgado the entire amount claimed under the FLSA, Delgado's FLSA action is now moot.  The state law claims, jurisdiction over which are derived solely from the FLSA claim (Complaint, ¶ 7), are either moot as well by virtue of Defendants' tender of full payment, or should be dismissed based on principles of supplemental jurisdiction.

As a consequence, the entire Complaint must be dismissed with prejudice.  Plaintiff should not be permitted to prosecute this litigation after the full measure of relief has already been offered to him.  As Justice Posner noted, "you cannot persist in suing after you've won." *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999).

## BACKGROUND FACTS AND PROCEDURAL HISTORY

**Facts**

Delgado worked for Via Toscana as a server between May 2013 and October 31, 2013. *See* Declaration of Robin Castellino, dated February 7, 2014 ("Castellino Dec."), ¶ 2 (annexed hereto as Exhibit A). He was an at-will employee. *Id.*, ¶ 2. Delgado was paid the Colorado server minimum wage of $4.76 per hour, in addition to his tip earnings. *Id.*, ¶ 3. Over the course of his employment, Delgado earned in excess of $20.00 per hour. *Id.*

The Complaint generally arises from Delgado's mistaken belief that Via Toscana is not permitted to avail itself of the so-called "server minimum wage" because it improperly administered a server tip pool. Complaint at 3-4. Specifically, Delgado alleges that Via Toscana permitted managerial staff to participate in the tip-pool distribution, invalidating the pool and, by extension, invalidating Via Toscana's right to utilize the lower minimum wage standards. Complaint at ¶¶ 15, 16. As a result, Delgado claims entitlement to be paid an *additional* $3.02 per hour -- the difference between the regular minimum wage and the server minimum wage.[1] Complaint at ¶ 26.

While employed by Via Toscana, Delgado worked a total of 324.35 hours during which he was subject to the Via Toscana tip pool policy. Castellino Dec., ¶ 5. During that time, he contributed $1,762.00 to the tip pool pursuant to the tip pooling policy. *Id.*

---

[1] Under the FLSA and Colorado statutory law, if an employer requires tipped employees to share their tips with other employees who do not customarily and regularly receive tips (such as management), the tip credit towards minimum wage is nullified. *See* 29 U.S.C. § 201; Colorado Minimum Wage Order 30.

**Procedural History**

Plaintiff filed a putative class and collective action Complaint under the Fair Labor Standards Act ("FLSA") on December 13, 2103, on behalf of himself and others similarly situated. (Docket at #1). Plaintiff's Complaint asserts three causes of action: (1) a violation of the Fair Labor Standards Act ("FLSA") based on Via Toscana's allegedly improper utilization of the statutory tip-credit and server minimum wage provisions; (2) a violation of the Colorado Wage Claim Act based on the same conduct; and (3) breach of an employment contract based on the same conduct, i.e. failure to pay Plaintiff's wages. *Id.* at 6-8. As relief, Plaintiff seeks compensatory damages and statutory penalties, a declaration that Defendants have violated the law, reasonable attorneys' fees and costs, various orders designating the action as a collective and/or class action and the appointment of Plaintiff and his counsel to represent individuals opting in to the collective action and/or members of the state law class action. *Id.* at 8-9.

On January 15, 2014, Defendants served an Offer of Judgment on Plaintiff. *See* Exhibit B hereto. The offer comprised an amount in excess of the full relief available to Delgado based on his claims. It provided for recovery of wages equal to the tip credit amount of $3.02 per hour worked for 337.75 hours and return of the tip wages that he contributed to the tip pool during his employment. The amount also includes the tip credit amount for hours that Delgado was training (*see* Complaint, ¶ 17), plus liquidated damages and attorneys' fees in a reasonable amount to be determined by the Court. *Id.* The Offer of Judgment was not accepted by Plaintiff within the term set forth therein, and it was, therefore, withdrawn by operation of Rule 68.

## ARGUMENT

### I.

### THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF'S INDIVIDUAL CLAIMS ARE MOOT

Under Article III of the United States Constitution, a federal court may adjudicate only "cases" or "controversies."  U.S. CONST. art. III, § 2; *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Like Article III standing, mootness is "oft cited as a constitutional limitation on federal court jurisdiction."  *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011).

A litigant may challenge subject matter jurisdiction "at any time in the same civil action," and whenever it appears that the court lacks jurisdiction of the subject matter, the Court should dismiss the action.  *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also* Fed. R. Civ. P. 12(h)(3).  The Court has wide discretion to consider affidavits and other documents when considering a motion to dismiss challenging the Court's subject matter jurisdiction.  *Wyoming v. United States Dept. of Int.*, 674 F.3d 1220, 1231 (10th Cir. 2012).  The Plaintiff has the burden to establish subject matter jurisdiction, and the Court must dismiss the case if it lacks jurisdiction.  *Port City Props. v. Union Pacific R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit' at any point during the litigation, the action can no longer proceed and must be dismissed as moot."  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013).

**A.    The United States Supreme Court's Decision in *Genesis Healthcare Corp. v. Symczyk* Requires Dismissal of FLSA Claims Where the Plaintiff's Individual Claim is Mooted by a Rule 68 Offer of Judgment Affording Complete Relief.**

In *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013), the United States Supreme Court addressed whether a FLSA collective action must be dismissed for lack of subject matter jurisdiction when the sole plaintiff's individual claim becomes moot through an offer of judgment pursuant to Federal Rule of Civil Procedure 68. The Court began its analysis by noting that the Constitution limits federal courts to resolving the "legal rights of litigants in actual controversies." *Id*. at 1528 (quotation omitted). A plaintiff must possess a "personal stake" in the outcome of the case "at all stages of review, not merely at the time the complaint is filed." *Id.* The Supreme Court held that when an employer's Rule 68 Offer of Judgment fully satisfies the named plaintiff's FLSA claims, both the individual claim *and the collective action claim* become moot and the court must dismiss the entire lawsuit for lack of subject matter jurisdiction. *Id.* at 1532; *see also Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 (5th Cir. 2008) ("FLSA claim becomes moot when [plaintiff] receives an offer that would satisfy his or her individual claim"); *Thomas v. Interland, Inc.*, 2003 WL 24065651, at *3 (N.D. Ga. Aug. 25, 2003) (dismissing plaintiff's FLSA claim for lack of subject matter jurisdiction where defendant offered to pay plaintiff all relief that he was entitled to under the statute).

Thus, the Court held that the presence of collective action claims will not save an action from dismissal if the individual claim or claims are not justiciable. *Symczyk* at 1529. In doing so, the Court rejected the concept that the potential for a collective action under the FLSA creates an independent or distinct right in the plaintiff representative, an exception to the mootness doctrine recognized in class-action cases. *Id.* at 1530 (concluding that reliance on

class-action cases did not support extending the exception in the FLSA context.). This is consistent with the law of the Tenth Circuit, which has established an exception to the mootness doctrine for cases involving class action claims, but also distinguished the class action context from an opt-in collective action under the FLSA. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1240 (10th Cir. 2011) ("we need not and do not decide the impact of Rule 68 offer of judgment made in a collective, or "opt-in" action.").

Following *Symczyk*, this action must be dismissed upon a finding that (1) as a matter of law an unaccepted Rule 68 Offer of Judgment for complete relief has the effect of mooting an individual's claim, and (2) as a matter of fact, Defendants' Offer of Judgment did afford complete relief to Plaintiff. This is notwithstanding the collective nature of Plaintiff's FLSA claim -- a potential collective-action ends the moment the "lone plaintiff's individual claim becomes moot." *Symczyk*, 133 S.Ct. at 1526.

1.  *An unaccepted Rule 68 Offer of Judgment that provides full relief to the plaintiff renders the plaintiff's claims moot.*

As *Symczyk* did not determine the effect of a Rule 68 offer on the viability of an individual claim, the Court must look to the law of the Tenth Circuit.[2] In this Circuit, a Rule 68 offer of full relief renders a plaintiff's claim moot. *Lucero*, 639 F.3d at 1243 ("as Rule 68 operates, if an offer is made for a plaintiff's maximum recovery, his action may be rendered moot."); *Hernandez v. Asset Acceptance, LLC*, 279 F.R.D. 594, 596 (D. Colo. 2012) ("in general, courts agree that a Rule 68 offer moots a case if it affords a plaintiff complete relief.").

---

[2] Defendants are mindful of the fact that in her dissent, Justice Kagan questioned whether an unaccepted offer of judgment *in the Third Circuit* can render an individual's claims moot. *Symczyk*, at 1533 (dissent). However, the Court should not disregard the law of this Circuit in favor of a contrary rule expressed in a Supreme Court dissent. *United States v. Jackson*, 240 F.3d 1245, 1249 (10th Cir. 2001) (dissenting opinion from Supreme Court "obviously does not constitute binding precedent").

7

*Lucero* favorably cites several cases where courts have recognized that an unaccepted Rule 68 offer renders an individual's claim moot. *See Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 (5th Cir. 2008); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d. Cir. 2004) (a Rule 68 offer in the amount of full available statutory damages, plus reasonable costs and fees, would moot an individual claim); *see also Lomas v. Emergency Medical Billing, LLC*, 2008 WL 4056789, *2 (D. Utah Aug. 25, 2008) (a Rule 68 offer in excess of maximum statutory damages plus costs and reasonable attorney fees was enough to "satisfy Plaintiff's claim").

This is consistent with the observation of the Supreme Court in *Symczyk* -- "nothing in the nature of FLSA actions precludes satisfaction -- and thus the mooting -- of the individual's claim before the collective-action component of the suit has run its course." *Symczyk* at 1529, n4. Here, at the time Defendants made the Offer of Judgment in this case (and is the case at the time of filing this Motion), no other plaintiffs exist or existed.  The plaintiff in *Symczyk* was in the exact same position as Delgado when her claim became moot, and the Supreme Court held "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.* at 1529.  As in *Symczyk,* Delgado's suit became moot at the time he was offered full relief in the Offer of Judgment.

    2. <u>*Defendants' Rule 68 Offer affords Delgado complete relief on his FLSA claim*</u>.

As a Rule 68 offer can render an individual's claim or claims moot, next the Court must determine whether Defendants' Offer of Judgment was, in fact, for full relief.  For an offer to constitute complete relief, it must afford plaintiff everything that he might recover in the

complaint. *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 341 (1980) (Rehnquist, J. concurring).

Here, on behalf of Delgado, the Complaint seeks recovery of the wages he is owed and unpaid under state and federal law. Complaint at ¶¶ 26, 36. While somewhat inconsistent in its terms -- Delgado variously demands repayment or payment of "wages" or the "tip credit" -- ultimately the relief requested is payment of the $3.02 per hour differential between the server minimum wage and the regular minimum wage under Colorado law. That amount totals $1,020.01 -- $3.02 multiplied by the 337.75 hours Delgado worked for Via Toscana subject to the tip pooling policy. Castellino Dec., ¶ 5. Delgado also seeks liquidated damages, which under the FLSA is an amount equal to the unpaid wages, and attorneys' fees and costs. Complaint at 8-9.

The Offer of Judgment provides for payment of $5,680.02, plus costs and attorneys' fees in a reasonable amount to be determined by the Court. Exhibit B. That amount accounts for *not only* the wage or tip-credit damages of $1,021.01 sought by Delgado, but also reimbursement of the $1,762.00 in tips that he contributed to the allegedly FLSA non-compliant tip pool, notwithstanding the fact that the Complaint does not seek recovery of that additional amount.[3] Castellino Dec., ¶ 5. Further, the Offer of Judgment amount also accounts for time Delgado spent training to be a server (*see* Complaint, ¶ 17) and liquidated damages equal to or in excess of the total compensatory damages.

---

[3] Defendants included this amount in an effort to be comprehensive and to ensure any challenges to the sufficiency of the Offer would be without merit. This is without prejudice to Defendants' claim that Plaintiff is not entitled to recover the portion of his tips that were paid out to other service employees through the tip pool.

There are no circumstances under which Delgado's FLSA damages could be more than what Defendants have already offered -- his (allegedly) unpaid wages, liquidated damages, attorneys' fees and costs. *See generally*, 29 U.S.C. § 216(b). Complete relief was offered in the Rule 68 Offer of Judgment.

**B.     Plaintiff's State Law Claims Are Also Moot**

While there are admittedly certain differences between the relief afforded under the FLSA and Colorado Wage Claim Act (*see, e.g.*, *Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. App. 2000)), those are distinctions without difference in this case. Plaintiff is entitled to recover *a maximum* of the unpaid wages he is allegedly owed under the Wage Claim Act.[4] This is consistent with his Complaint, which seeks payment "in an amount sufficient to reimburse Plaintiff for all tip credits taken against his hourly wages." Complaint, ¶ 26. That amount, as set forth above, is no more than $1,020.01, and far less than the amount offered in the Rule 68 Offer of Judgment. Similarly, Plaintiff's breach of contract claim seeks recovery of "all wages" required to be paid under state and federal minimum wage laws. Complaint, ¶ 36. Assuming, *arguendo*, that Plaintiff was not paid in compliance with minimum wage laws, the amount he would be owed is the same, $1,020.01.

These amounts are not *in addition to* payment of minimum wages under the FLSA -- Plaintiff is not entitled to double recovery by alleging the same harm under two different statutes. Accordingly, as the Rule 68 Offer subsumed the maximum relief available to Plaintiff under Colorado state law, those claims are also moot.

---

[4]  CRS § 8-4-109 requires that a demand for payment of wages first be tendered to the employer prior to an employee being entitled to recover penalties or fees under the statute. No such demand was tendered here.

## II.

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

Because Plaintiff's FLSA claim fails for the reasons discussed above, there is no basis for the Court to exercise subject matter jurisdiction over Plaintiff's state law claims. Plaintiff's Complaint alleges that this Court only has jurisdiction based on Federal Question Jurisdiction, 28 U.S.C. § 1331 and the FLSA. When federal claims are dismissed, state law claims asserted in the same case and based on the Court's supplemental jurisdiction should also be dismissed. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Thus, even if Plaintiff's state law claims -- which seek identical or cumulative relief as Plaintiff's FLSA claim -- were not also rendered moot by Defendants' Offer of Judgment, the Court has no independent basis for asserting jurisdiction over the claims after dismissing Plaintiff's FLSA claim. Accordingly, Plaintiff's state law claims should also be dismissed.

### CONCLUSION

Considerations of subject matter jurisdiction and mootness justify dismissal of this matter. The Defendants' Offer of Judgment afforded Plaintiff all relief he could receive for his individual claims, thereby rendering his claims moot and depriving the Court of subject matter jurisdiction.

Respectfully submitted this 7th day of February, 2014.

        FRIESEN LAMB LLP

        By: *s/Stephen M. DeHoff*
           Stephen M. DeHoff
           FRIESEN LAMB, LLP
           1675 Larimer Street, Suite 675
           Denver, CO 80202
           Telephone: (720) 904-6000
           Facsimile: (720) 904-6006
           Email: sdehoff@friesenlamb.com

Attorneys for Castellino, Corporation, d/b/a Via Toscana, and Robin Castellino

## **CERTIFICATE OF SERVICE**

       I hereby certify that on February 7, 2014, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, CO 80524
BGonzales@ColoradoWageLaw.com

                                            *s/Patricia Foos*
                                            Patricia Foos
                                            FRIESEN LAMB, LLP
                                            1675 Larimer Street, Suite 675
                                            Denver, CO 80202
                                            Telephone: (720) 904-6000
                                            Facsimile: (720) 904-6006
                                            Email: pfoos@friesenlamb.com