IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03379-MSK-MJW

ANDREW DELGADO,

Plaintiff,

v.

CASTELLINO CORPORATION, a Colorado corporation, d/b/a Via Toscana, and ROBIN CASTELLINO,

Defendants.

---

## PROTECTIVE ORDER  ( Docket no 28-1 )

---

To adequately protect material entitled to be kept confidential, expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means (a) any personnel or personal information for employees of Defendants Castellino Corporation d/b/a Via Toscana, and Robin Castellino ("Defendants"), including any personnel database identifying such employees, (b) any documents concerning or related to Defendants' internal policies and procedures, or any documents concerning or related to financial information of Defendants'

business; (c) any document or information designated as confidential in accordance with paragraph 6 of this Order, and (d) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information may be challenged pursuant to paragraph 9 of this Order.

3. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. A. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee of Defendants, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, and (ii) business confidential information such as internal policies, strategic or commercial information, or financial data of Defendants.

B. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the

designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

- a) named plaintiff or opt-in plaintiffs, in accordance with the procedures set forth in paragraph 8 of this Order;
- b) the Court and its officers (including court reporters);
- c) counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;
- d) Defendants' in-house counsel;
- e) experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;
- f) fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order.

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(a) or 7(f), of this Order only under the conditions set forth below:

    a) Prior to disclosure of Confidential Information to persons described in paragraphs 7(a) or 7(f), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

    b) Any person who receives Confidential Information pursuant to paragraphs 7(a) or 7(f), shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

    c) The Recipient who discloses Confidential Information pursuant to paragraphs 7(a) or 7(f), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

9. If any party objects to the designation of a particular document as confidential, the objecting party shall give written notice of its objection to the designating party. If, within ten (10) days from receipt of written notice, the parties have not reached an agreement concerning confidential status of the documents, the Designating Party may apply to the Court for a ruling confirming the designation of the documents as confidential and subject to this Order. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Until such time as the Court has ruled on the Designating Party's application, all parties shall continue to treat the document as confidential pursuant to the terms of this Order. In any event, no confidential document or information shall lose its confidential status through its use in connection with any dispute over its confidential status, and the parties shall take all steps reasonably necessary to protect the confidentiality of such document during its use.

10. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11. All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude Defendants from pursuing legal or other business action in discovered instances of misconduct as to their own employees or ensuring that their employees are acting in accordance with the law. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

12. Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, on request of the Producing Party, the Recipient shall return to

the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

13. Confidential Information shall not be filed in the public record of this litigation. In the event counsel for any of the parties wishes to file or submit to this Court any Confidential Information (by way of pleadings, motions, briefs or any other papers or oral communication containing or making reference to such document or information), counsel shall file the appropriate motion ~~to seal~~ For Restricted Access, in accordance with the procedures outlined in the Local Rules for the District of Colorado (D.C. Colo LcivR 7.2) and the party must seek leave of court before filing any Confidential Documents. Where possible, only the portions of filings containing Confidential Information shall be filed with the Court under ~~seal~~ Restricted Access. [MJW 3-17-14]

14. The restrictions set forth in this Order shall not apply to:

    a) information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;

    b) Defendants, with respect to their own information or information received or created during the normal course of their own business.

Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and procedures set forth in paragraphs 2 through 10 of this Order. The owner of Confidential

Information shall be able to seek protection of that information in accordance with paragraph 6 of this Order even if it did not produce that information in discovery.

15. By agreeing to the procedures in this Order, the parties do not waive any legal right or privilege applicable to either the Confidential Documents or to any other request of, or discovery procedure available to, the parties to this action. Further, inadvertent disclosure of any privileged document in the course of discovery in this action shall not constitute waiver of any applicable legal right or privilege, provided the provisions of Fed. R. Evid. 502(b) are met. In the case of any such inadvertent disclosure of privileged documents, upon notification by the producing party, the receiving party shall follow the provisions of Fed. R. Civ. P. 26(b)(5)(B), including, but not limited to, returning the original to the producing party, destruction of all copies thereof, as well as any notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing database, tape, or disk the receiving party maintains. Return of a document over which the producing party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right pursuant to Fed. R. Civ. P. 26(b)(5)(B) to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

16. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential

or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

17. In the event Plaintiff or his counsel obtain information of Defendants from a third party that Defendants believe is confidential, Defendants may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

18. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

19. The Court shall retain jurisdiction *until Termination of The case*. ~~both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order~~.

*[handwritten initials: MJW 3/17/14]*

_____
*[signature]*

Dated: **March 17, 2014**

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in Delgado v. Castellino Corporation *et al*, Civil Action No. 13-cv-03379-MSK-MJW and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, 2014

By: _____

_____
(Type or print name of individual)

Of: _____
      Name of Employer