IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03379-MSK-MJW

ANDREW DELGADO, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

CASTELLINO CORPORATION, a Colorado corporation, d/b/a Via Toscana, and
ROBIN CASTELLINO,

Defendants.

## RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)
## (Docket No. 16)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 6)

issued by Chief Judge Marcia S. Krieger on January 3, 2014.

## FACTUAL BACKGROUND

Plaintiff Andrew Delgado filed his putative class action and collective Complaint

(Docket No. 1) on December 13, 2013.  Plaintiff was employed as a server from May

2013 to October 2013 by defendant Castellino Corporation d/b/a Via Toscana, which is

owned by defendant Robin Castellino.  While employed by defendants, plaintiff was paid

the Colorado server minimum wage of $4.76 per hour.  In addition, tipped employees,

including plaintiff, contributed their tips to a "tip pool."

The parties' dispute involves whether the tip pool was properly administered.

Plaintiff alleges that defendants permitted managerial staff to receive distributions from

the tip pool thereby invalidating the tip pool, and by extension, invalidating defendants'

2

right to utilize the Colorado server minimum wage.  Accordingly, plaintiff alleges he is

entitled to an additional $3.02 per hour - the difference between the regular minimum

wage and the server minimum wage.

Plaintiff's Complaint (Docket No. 1) includes three claims for relief: (1) violation of

the Colorado Wage Claim Act, § 8-4-101, et seq.; (2) violation of the Fair Labor

Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and (3) breach of contract.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendants' Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 16).  The court has carefully

considered the Complaint (Docket No. 1), the subject motion (Docket No. 16), plaintiff's

response (Docket No. 24), and defendants' reply (Docket No. 32).  In addition, the court

has taken judicial notice of the court's file, and has considered the applicable Federal

Rules of Civil Procedure and case law.  The court now being fully informed makes the

following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over

the subject matter."  Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter

jurisdiction is on the party asserting jurisdiction.  See Basso v. Utah Power & Light Co.,

495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take

two forms.  First, a party may attack the facial sufficiency of the complaint, in which case

the court must accept the allegations of the complaint as true.  Holt v. United States, 46

F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions

regarding subject matter jurisdiction through affidavits and other documents, the court

may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence

outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  See id.

## ANALYSIS

In their Motion to Dismiss (Docket No. 16), defendants contend that on January 15, 2014, pursuant to Fed. R. Civ. P. 68, they tendered an Offer of Judgment to plaintiff in the amount of all wages plaintiff claims he is owed, plus statutory damages and reasonable attorney's fees and costs.  See Docket No. 16-2.  Plaintiff did not accept the Rule 68 offer.  Defendants argue that because the offer covered payment in full for all damages recoverable under the FLSA, plaintiff's collective FLSA action is now moot.  Defendants further argue that plaintiff's state law claims are either also moot by virtue of the Rule 68 offer, or should be dismissed under the principles of supplemental jurisdiction.

Although the parties disagree as to whether defendants' Rule 68 offer grants all the relief sought by plaintiff in his individual FLSA claim, the court will assume (without necessarily finding) that defendants' offer is sufficient to do so

Defendants cite to Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013), in support of their argument.  In Genesis, an employee filed suit against her employer on behalf of herself and all other persons similarly situated seeking statutory damages under the FSLA.  133 S. Ct. at 1527.  The plaintiff rejected the defendant's Rule 68 offer.  Id.  The plaintiff never filed for conditional certification of the putative class and remained the sole plaintiff throughout the proceedings.  Id.  Both the district court and the Third Circuit held that the Rule 68 offer mooted the plaintiff's individual claim, but the courts did not agree as to whether the offer mooted the plaintiff's

collective action.  Id. at 1528-29.

The Supreme Court assumed, without deciding, that the plaintiff's individual claim was moot.  Id. at 1529.  As to the collective action, the Court held that "*[i]n the absence of any claimant's opting in*, [the plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action."  Id. (emphasis added).

Genesis is distinguishable from this matter.  Although no motion for class certification has been filed in this matter, the deadline to do so is not until August 31, 2014.  See Docket Nos. 19 & 20.  Accordingly, the procedural posture in this matter is distinguishable from that in Genesis, wherein the plaintiff never filed for conditional certification.  The court, therefore, must look for guidance on the issue in the Tenth Circuit.

The Tenth Circuit has not explicitly addressed "the impact of a Rule 68 offer of judgment made in a collective, or 'opt-in' action."  Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1250 (10th Cir. 2011) (citations omitted).  However, in the context of opt-out actions, the court has stated that "a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."  Id.  The court reasoned that because any interest a class has in a case exists when the case is filed, an offer of judgment should not prematurely moot the case.  See id.  While Lucero does not apply to "opt-in" actions, Chief Judge Krieger has considered the effect of Lucero on such cases.

5

In Perez v. Pinon Management, Inc., Chief Judge Krieger concluded that the Tenth Circuit would likely extend Lucero to collective action cases.  No. 12-cv-00653-MSK-MEH, 2013 WL 1149567, at *4-6 (D. Colo. Mar. 19, 2013).  Reasoning that Lucero was concerned with the timely filing of a motion to certify, Chief Judge Krieger held that a Rule 68 offer should not moot a plaintiff's claims where the plaintiff diligently filed a motion to certify a collective class.  Id. at *6; see Michaels v. City of McPherson, Kan., No 12-1372-CM, 2013 WL 3895343, at *3-4 (D. Kan. July 29, 2013) (adopting the reasoning found in Perez); Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1013-14 (D. Minn. 2007) (discussing how allowing a defendant to moot plaintiff's claims by making a Rule 68 offer days before plaintiff files for certification "would frustrate the FLSA's collective action provision allowing for the aggregation of small claims . . . ."); see also Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486, 488 (E.D.N.Y. 2012) ("[C]ourts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment at the earliest possible time.") (internal quotation marks and citation omitted).

As noted above, although plaintiff has not filed for certification, the deadline to do so is not until August 31, 2014.  See Docket Nos. 19 & 20.  As Chief Judge Krieger explained, "Lucero does not even require that a class certification motion be filed or pending at the time an offer of judgment is made."  Perez, 2013 WL 1149567, at *4.  Rather, the concern is whether the plaintiff has acted with diligence in seeking class certification.  See id., at *5-6.  As the deadline has not yet passed in this matter, it plainly cannot be said that plaintiff has been dilatory in seeking certification.

According, the court finds that defendants may not, at this time, obtain dismissal

6

of plaintiff's putative representative claim on mootness grounds via a Rule 68 offer.


**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 16) be **DENIED**.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  May 20, 2014                    s/ Michael J. Watanabe
       Denver, Colorado               Michael J. Watanabe
                                       United States Magistrate Judge