**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-03379-MSK-MJW**

**ANDREW DELGADO, on behalf of himself and all similarly situated persons,**

    **Plaintiff,**

**v.**

**CASTELLINO CORPORATION, d/b/a Via Toscana; and
ROBIN CASTELLINO,**

    **Defendants.**

---

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND DENYING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court pursuant to Mr. Delgado's Objections **(# 36)** to the Magistrate Judge's May 20, 2014 Recommendation **(# 35)** that the Defendants' Motion to Dismiss **(# 16)** be denied, the Defendants' response **(# 38)**, and Mr. Delgado's reply **(# 40)**.

The issue before the Court is primarily a legal one, and thus, only a minimal factual recitation is necessary. Mr. Delgado, a former employee of a business owned by the Defendants, commenced this action alleging that the Defendants failed to pay him the minimum wage required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and related claims arising under Colorado's Wage Claim Act, C.R.S. § 8-4-101, and common-law breach of contract. Pursuant to 29 U.S.C. § 216(b), Mr. Delgado seeks to bring his FLSA claim as a "collective action"[1] on behalf of all similarly-situated employees who ultimately opt-in to such an action.

---

[1]    A "collective action" under § 216(b) differs from the traditional class action under Fed. R. Civ. P. 23, in that Rule 23 class actions are generally "opt-out," such that class members are

Shortly after Mr. Delgado commenced this action, the Defendants tendered an Offer of Judgment under Fed. R. Civ. P. 68, offering Mr. Delgado what the Defendants contend was the full amount of potential unpaid wages he could recover, an equal amount as liquidated damages permitted under the FLSA, costs of the action, and a reasonable attorney fee to be determined by the Court. Mr. Delgado did not accept the offer, and it eventually lapsed by its own terms.

The Defendants now move to dismiss **(# 16)** Mr. Delgado's FLSA claims (including the putative collective action claims) for lack of standing, arguing that their Offer of Judgment for the maximum amount recoverable by Mr. Delgado on his individual claim, whether accepted or not, operates to moot both his own individual claim and any as-yet-unadjudicated putative collective action claim.

The Court referred the Defendants' motion to the Magistrate Judge for a recommendation, and the Magistrate Judge recommended **(# 35)** that the motion be denied, citing to prior decisions by this Court and others on the same or similar legal questions, as discussed in greater detail below. The Defendants filed timely Objections **(# 36)** to the Recommendation, arguing that the Magistrate Judge misconstrued recent Supreme Court precedent allegedly on-point. This Court reviews the objected-to portions of the Recommendation *de novo*. Fed. R. Civ. P. 72(b).

As will be explained in more detail below, this matter presents two separate legal questions, one embedded within the other: (i) does a defendant's tender of an Offer of Judgment for the full amount of a plaintiff's possible recovery, if unaccepted by the plaintiff, operate to render the plaintiff's claim moot and thus deprive the plaintiff of standing to pursue that claim?;

---

presumptively treated as remaining in the litigation class unless they affirmatively request to be excluded. A collective action under § 216(b) results in notice of the action being sent to all potential "class" members, but only those members who affirmatively "opt in" to the action by filing a consent form become joined in the litigation.

and (ii) if it does, does that mootness further preclude the plaintiff from pursuing putative class- or collective action allegations in the complaint?

In recent decisions, this Court has answered the first question in the affirmative, and the second question in the conditional negative. In *Miranda v. Receivables Performance Management, LLC*, 2013 WL 3958367 (D.Colo. Aug. 1, 2013) (slip op.), this Court addressed the question of whether an unaccepted Rule 68 Offer of Judgment for the full amount of a plaintiff's claim operated to render that claim moot. This Court turned to *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011), for guidance. In *Lucero*, the plaintiff brought a putative class action claims against the defendant under the Fair Debt Collection Practices Act. The defendant made an Offer of Judgment in the full amount of the plaintiff's potential recovery, and then moved to dismiss the plaintiff's claim as moot. On appeal from the trial court's dismissal of the action as a whole, the 10th Circuit first acknowledged the general rule that "if an offer is made for a plaintiff's maximum recovery, his action may be rendered moot." 639 F.3d at 1243. It then noted that "[w]hile we have yet to address the question squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims in a non-class action, the plaintiff's claims are rendered moot because he lacks a remaining interest in the outcome of the case." *Id.*, *citing Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 (5th Cir. 2008) *and Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). Based on this authority, the Court reformed the somewhat ambiguous offer tendered by the defendant, deemed Ms. Miranda to have accepted it, and entered judgment in favor of Ms. Miranda consistent with the terms of the reformed offer. Implicitly, then, this Court recognized that an Offer of Judgment for the full amount of a plaintiff's claim <u>would</u> operate to moot that claim, even if unaccepted by the plaintiff.

This Court faced the second portion of the question above – whether the mooting of a plaintiff's individual claim by an Offer of Judgment affects putative collective action allegations – in *Perez v. Pinon Management, Inc.*, 2013 WL 1149567 (D.Colo. Mar. 19, 2013) (slip op.). There, the plaintiff brought an FLSA overtime claim on behalf of herself and a putative "class," and the defendant made an Offer of Judgment in the full amount of the plaintiff's individual claim and sought dismissal of the entire action, including the putative collective action allegations, as moot. Again, this Court took its cue from *Lucero*. There, after a careful and thorough analysis, the 10th Circuit held that "a named plaintiff in a proposed [Rule 23] class action . . . may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in full satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion." 639 F.3d at 1250. In *Perez*, this Court concluded that *Lucero*'s reasoning would apply equally strongly to FLSA collective actions, and thus, held that Ms. Perez's diligent pursuit of a class certification motion prevented the defendant's Offer of Judgment from completely mooting the action.[2]

Both of these holdings were called into question by the Supreme Court's recent decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013). *Genesis* presents the same basic factual scenario as *Perez* and this case: the plaintiff asserts FLSA claims on behalf of him/herself, along with putative collective action allegations, and the employer tenders an Offer of Judgment in full satisfaction of the plaintiff's individual claim, then seeks to dismiss the entire action as moot. The majority of the sharply-divided Court began by assuming that the tender of the unaccepted offer operated to moot the plaintiff's individual claim. 133 S.Ct at 1528-29. (The majority stated that the trial court and Third Circuit found as much, and the plaintiff had not

---

[2] *Perez* did not address the effect of the Offer of Judgment on Ms. Perez's individual claims.

sought certiorari on that question. *Id.* at 1529.)  From that assumption, the Court concluded that the mooting of the individual claim further operated to moot any putative collective action claims by the plaintiff as a representative as well, thus requiring dismissal of the entire suit for lack of subject-matter jurisdiction.  133 S.Ct. at 1532.

In a dissent joined by three other Justices, Justice Kagan emphatically protested the outcome.  She asserted that the error in the majority's ruling arose when the majority made the assumption that the unaccepted offer acted to moot the plaintiff's individual claim.  She stated that such a conclusion was "wrong, wrong, and wrong again." *Id.* at 1533.  Insisting that an unaccepted Offer of Judgment, regardless of the terms, was a "legal nullity," Justice Kagan offered "a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory," and further punctuated it with "a note to all other courts of appeals: Don't try this at home." *Id.* at 1534.  Although Justice Kagan contended that this error made it such that the majority's opinion thus addressed a situation that could no longer arise, she further explained the dissenting justices' position that an Offer of Judgment in full satisfaction of an individual claim would not operate to moot collective action allegations in any event, as such an offer "does not give a plaintiff . . ., exercising her right to sue on behalf of other employees, all that she has requested in the complaint (*i.e.* relief for the class)."  133 S.Ct. at 1536.

Here, the Magistrate Judge acknowledged the decision in *Genesis*, but found it distinguishable from cases like *Perez* and *Lucero*, in that the plaintiff in *Genesis* "never filed for condition certification of the putative class and remained the sole plaintiff throughout the proceedings." *Docket* # 35 at 3.  However, this appears to be an incorrect assessment of the case.  The Supreme Court opinion does contain text to the effect that the plaintiff "remained the sole plaintiff throughout these proceedings," 133 S.Ct. at 1527, but the underlying Third Circuit

opinion, *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 190-91 (3d Cir. 2011), clarifies the matter. It explains that the plaintiff commenced the action on December 4, 2009; the defendant filed and Answer and accompanying Offer of Judgment on February 18, 2010; the District Court, "unaware of the offer of judgment," held a Scheduling Conference on March 8, 2010; and subsequently issued a Scheduling Order providing for a 90-day preliminary discovery period, by the end of which the plaintiff "will move for conditional certification." *Id.* at 191. The deadline for class certification never came to pass, as the defendant moved to dismiss the action on March 23, 2010, and the District Court granted that motion on May 19, 2010. *Id.*

Thus, by all appearances, the plaintiff in *Genesis* was diligently pursuing her class certification motion at the time the trial court dismissed those claims. This is precisely the factual scenario presented in this case: although the Defendants have already made their Offer of Judgment, the Scheduling Order in this case does not require Mr. Delgado to file a motion for certification until August 31, 2014 (and the Court will assume that, barring dismissal of his action, Mr. Delgado intends to comply). This Court therefore disagrees with the Magistrate Judge that *Genesis* is in any way factually distinguishable from the instant case. Moreover, this Court sees nothing in the Supreme Court majority's opinion in *Genesis* that suggests that the outcome of the case turned on how diligently the plaintiff was pursuing the class certification motion at the time of the Offer of Judgment or dismissal.

This, then, leaves the question of how to resolve this action in light of *Genesis*. That question is complicated. On the one hand, four members of the dissent have indicated, in stark and unflinching terms, that they absolutely reject the notion that an unaccepted Offer of Judgment can operate to moot a plaintiff's claim. On the other hand, the majority's opinion carefully and deliberately avoids that question, acknowledging a Circuit split on the issue but

6

expressly stating that "we do not reach this question, or resolve the split, because the issue is not properly before us." 133 S.Ct. at 1528-29.  Rather, the majority merely <u>assumes</u> the applicability of a doctrine that the dissent so vigorously rejects, never actually endorsing it.  The question is further complicated by the failure of the 10th Circuit to conclusively address the matter; even *Lucero* expresses only lukewarm enthusiasm for the doctrine, acknowledging only that "other circuits have concluded" that a sufficient offer activates the mootness doctrine.  639 F.3d at 1243.

Ultimately, this Court elects to err on the side of caution, allowing Mr. Delgado's claims to proceed.  Four Justices of the Supreme Court emphatically reject the notion that an unaccepted Offer of Judgment can render a claim moot.  If the majority in *Genesis* had affirmed that doctrine, or even expressed some support for it, this Court might be inclined to concede the doctrine's continuing vitality.  But they did not – beyond acknowledging the existing Circuit split on the question and carefully construing the grant of certiorari to avoid reaching that matter, the majority gave no signal that it viewed the "mootness-by-unaccepted-offer theory" with any degree of favor.  Similarly, the 10th Circuit has itself chosen to carefully avoid deciding the question.  As between extremely vocal opponents of the doctrine on one side, and an absence of any vocal proponents for it on the other, this Court is compelled to conclude that the doctrine is waning in power.

Moreover, the Court finds certain aspects of Justice Kagan's dissent in *Genesis* persuasive. An Offer of Judgment that addresses only the relief attainable by an FLSA plaintiff in an individual capacity does not grant that plaintiff <u>all</u> of the relief that the FLSA permits, such that dismissal on mootness grounds is appropriate.  The ability to bring a collective action under § 216(b) is part of the bundle of rights conferred on employees by the statute, and is not

7

addressed by an Offer of Judgment that concedes only individual relief. *Genesis*, 133 S.Ct. at 1536. Thus, there is reason to doubt that the Defendants' offer here is, on its face, complete,[3] much less that its rejection may invoke doctrines of mootness. Accordingly, and *Miranda* notwithstanding, this Court shares the *Genesis* dissent's doubt that an unaccepted Offer of Judgment, even affording full relief, can operate to render an individual's claim moot. *Genesis* conclusively establishes that, if mootness follows from the offer, that mootness encompasses unadjudicated class allegations as well, but it offers no guidance or resolution on the predicate question.

Ultimately, the issue is not of great practical consequence here. The Defendants go to some length in their Objections to contend that Mr. Delgado is "a lone, disgruntled, former employee" alleging "frivolous" FLSA claims. If this is truly the case, and Mr. Delgado's concerns over the Defendants' pay policies are not shared by other current and former employees, there is little to fear: the Defendants can avoid incurring additional fees or expenses by conceding any motion seeking preliminary class certification and wait for Mr. Delgado to fail to secure the requisite opt-in notices from other employees. At that point, the Defendants can reinstate their Offer of Judgment with regard to Mr. Delgado's individual FLSA claim with all sides secure in the knowledge that such an offer will conclusively resolve those claims – certainly, Mr. Delgado would not resist a complete Offer of Judgment on his individual FLSA claims once his class allegations have been shown to be quixotic. If the Defendants are wrong, however, and other employees wish to join Mr. Delgado's FLSA action, the Defendants' strategic attempt to dismiss Mr. Delgado's claims at this early stage seems to be opportunistic.

---

[3] The Court is compelled to note that Mr. Delgado disputes that the Defendants' Offer of Judgment fully compensates him for all monetary damages and declaratory relief recoverable under his FLSA claim, much less his other claims.

9

Accordingly, the Court **OVERRULES** the Defendants' Objections **(# 36)** and **ADOPTS** the Magistrate Judge's Recommendation **(# 35)**, albeit on slightly different grounds.  The Defendants' Motion to Dismiss **(# 16)** is **DENIED**.

Dated this 2nd day of September, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge